IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11-cv-6739 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ABBOTT LABORATORIES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michelle Adams, filed a complaint alleging sexual discrimination and violation of the Equal Pay Act, 29 U.S.C. § 206(d), against her employer Abbott Laboratories ("Abbott"). Abbott moves for summary judgment, arguing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law [51]. Adams abandons her discrimination claim and opposes the motion only on the Equal Pay Act claim. For the reasons stated herein, this Court grants the motion for summary judgment in favor of Abbott.

**Background**

The facts are not in dispute in this case, except where noted. Adams opposes only three of Abbott's Local Rule 56.1 statements of material fact (¶¶ 21, 23, 25), but fails to pinpoint portions of the record that demonstrate the facts are in dispute. Therefore, this Court will deem those facts admitted for purposes of ruling on this motion. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

Adams began her employment with Abbott in May 1999 as a Production Equipment Operator. In 2000, she became a Building Automation Systems Coordinator. Adams applied for Abbott's apprenticeship program, called the STEP Program, and worked as a STEP Rigger from

1

November 2002 through February 2003. In February 2003, Adams became an apprentice electrician in the STEP Program. Prior to entering Abbott's STEP apprenticeship program, Adams had no experience as an electrician. She was promoted from STEP Electrician to Electrician in February of 2005 and to Senior Electrician in 2007. For all but one year and one month, Adams has worked at Abbott's North Chicago facility. Throughout her employment as an electrician at Abbott, Adams has worked the first shift from six a.m. to two-thirty p.m. Since 2006, Mike Orawiec has been Adams' group leader. Since 2003, Terry Ketterling has been Adams' Maintenance Manager.

In January 2007, Adams began questioning the pay she would receive when promoted to a Senior Electrician on February 26, 2007. Adams testified that during a conversation with Terry Ketterling regarding her pay concerns, she asked him how she could earn the same pay as the other Senior Electricians. According to Adams, Ketterling said that she "will never get paid the same as the guys, that the only way is by getting EEs on [her] review." "EE" refers to "Exceeds Expectations," which is the highest possible performance evaluation rating. An employee's annual merit pay increase is informed by the employee's annual performance review rating. Adams received a $3.00 per hour pay increase in 2007. As of December 31, 2012, Adams' hourly pay rate as a Senior Electrician was $31.21. Senior Electricians' pay is determined by several factors, including the number of years in the position, market forces at the time of hiring, relevant prior experience, and the shift.

As of December 31, 2012, there were twenty-six Senior Electricians at Abbott Park and North Chicago who had a higher hourly rate than Adams. Twenty-one of those Senior Electricians had held their positions longer than Adams and had electrician experience prior to joining Abbott. Of the five remaining Senior Electricians with a higher pay rate than Adams,

three (John Westman, Manny Olifanda, Jr., and Carlos Perez) had been employed at Abbott for less time than Adams but had thirty-three, nineteen, and eleven years of electrician experience, respectively, prior to working at Abbott, and two had each been employed as Abbott electricians for more than seventeen years, although the they never worked elsewhere. The hourly pay rate for the Senior Electricians who earn more than Adams ranges from $31.32 to $36.54.

As of December 31, 2012, Adams had a higher rate of pay than three male Senior Electricians: Samuel Martin, Brian Preston, and Michael Schrauth. Samuel Martin was hired by Abbott on September 8, 2009, at a starting rate of $29.00 and as of December 31, 2012, he earned $31.01 per hour. Prior to joining Abbott, Martin had approximately eleven years of experience as an electrician and has an Industrial Electrician Associate Degree. The record contains no specific information on either Brian Preston or Michael Schrauth.

Adams claims that both Tim Mundy and Mike Orawiec were aware that she demonstrated for her more highly paid male co-workers how to do their job, but she testified that had not discussed the allegations in her EEOC complaint with anyone. (*Id.* at 69: 17-24). Adams filed a timely charge of discrimination with the Equal Employment Opportunity Commission on August 26, 2010.

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). To do so, the movant must establish that the non-movant's evidence is not such that "'a reasonable jury could return a verdict'" in the non-movant's favor. *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th

Cir. 2013) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)). To avoid summary judgment, the non-movant "cannot merely allege the existence of a factual dispute" *Basith v. Cook County*, 241 F.3d 919 (7th Cir. 2001), but must provide enough factual evidence showing there is a genuine issue for trial. *Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008) (quoting *Vanesco v. Nat'l. Louis Univ.*, 137 F.3d 962, 965 (7th Cir. 1998)). The court views all facts and makes all reasonable inferences from those facts in the light most favorable to the non-moving party. *Allen v. City of Chicago*, 351 F.3d 306, 311 (7th Cir. 2003).

**Discussion**

Abbott moves for summary judgment, arguing that the undisputed facts demonstrate that non-discriminatory reasons for the alleged pay disparity exist that are not pretext for unequal pay based on Adams' sex. The Equal Pay Act prohibits employers from paying workers of one sex less than those of the opposite sex for work that requires "equal skill, effort and responsibility" and is "performed under similar working conditions." 29 U.S.C. §206(d). Pay disparity is not improper if it is the result of "a seniority system, a merit system, a system which measures earning by quantity or quality of production, or a differential based on any other factor than sex." *Id.*

Adams bears the initial burden of showing that Abbott pays "workers of one sex more than workers of the opposite sex for equal work, the burden [then] shifts to [Abbott] to show that the differential is justified." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974). Abbott must persuade the court that the pay disparity is based on one of the four affirmative defenses provided within the Act. *Warren v. Solo Cup Co.*, 516 F. 3d 627, 630 (7th Cir. 2008). "In effect, the provisions of the Equal Pay Act establish a rebuttable presumption of sex discrimination such that once an employee has demonstrated that an employer pays members of one sex more than

4

members of the opposite sex, the burden shifts to the employer to offer a gender neutral justification for that wage differential." *Id.* (quoting *Varner v. Illinois State Univ.,* 226 F.3d 927, 932 (7th Cir. 2000)).

Here, there is no genuine dispute that twenty-six of the thirty Senior Electricians at Abbott are male and earn more than Adams. Further, it is undisputed that Adams is the only woman currently employed as a Senior Electrician. There is no evidence in the record indicating that Adams and the other Senior Electricians perform substantially different work. Therefore, this Court finds that Adams can meet her burden.

Abbott asserts that the alleged pay disparity is the result of "a differential based on any other factor than sex," namely experience and seniority. *See* 29 U.S.C. § 206(d). The Seventh Circuit has held that "[y]ears of service and prior experience are legitimate, non-discriminatory reasons for a wage disparity." *Patt v. Family Health Sys.*, 280 F.3d 749, 753 (7th Cir. 2002); *see also Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 976 (7th Cir. 2000) (stating that experience is a nondiscriminatory reason for wage disparity under the Equal Pay Act.) The record shows that all of the twenty-six male Senior Electricians that earn more per hour than Adams, had more electrician experience either as Abbott employees or prior to joining Abbott.

The gender-neutral reason offered for the pay disparity must be "bona fide." *Warren*, 516 F.3d at 630. "[A]n employer cannot use a gender-neutral factor to avoid liability unless the factor is used and applied in good faith; it was not meant to provide a convenient escape from liability." *Id.* (quoting *Fallon v. Illinois*, 882 F.2d 1206, 1211 (7th Cir. 1989)). However, the justification offered by the employer need not be a "good reason," but merely a gender-neutral one. *Wernsing v. Dep't of Human Servs.*, 427 F.3d 466, 468 (7th Cir. 2005).

Adams attempts to establish that Abbott's purported reasons for the pay disparity are not

legitimate. In support of her argument, Adams offers the conversation she had in 2007 with her then-manager Terry Ketterling discussing the topic of her hourly wage. After inquiring how she could make as much as her counterparts, Ketterling responded "you will never get paid the same as the guys, the only way is by getting EEs on your reviews." (Dkt. 54-1, Adams' Dep. Tr. at 133: 4-6). In addition to the fact that this statement comes from Adams's own testimony and not from Ketterling, this statement alone does not show that Abbott's proffered reason for the pay disparity is pretext. Abbott asserts that experience and seniority are the primary factors affecting pay. Adams cannot obtain more experience in her work history so the only way she will advance is through seniority and performance evaluations. Nevertheless, Adams received a $3.00 per hour raise six months after her conversation with Ketterling. The fact that she earns more than three male Senior Electricians, including Samuel Martin, underscores that experience and seniority are bona fide reasons for the pay disparity. Adams currently earns .20 cents more per hour than Martin, despite Martin's starting salary in September 2009 being higher than Adams' pay at that time. This fact suggests that seniority legitimately plays a role in determining pay, especially since Martin had approximately eleven years of experience as an electrician and had obtained an Industrial Electrician Associate Degree prior to joining Abbott.

Adams also argues that she had to train several of her male counterparts on how to do their job even though they purportedly had more experience. Adams claims in her LR 56.1(b) statement of additional facts that she had to train Jon Shepard and John Day, but in her deposition testimony she stated that she trained Jon Shepard, Gene Craig and Bill Knudson and does not mention John Day. (Dkt. 54-1, Adams' Dep. Tr. at 216: 21-24). Yet, the record shows that she only worked with Jon Shepard during the time that she was still an apprentice. (*Id.* at 100: 6-9). Adams also testified that she had received some training while on the job from

6

coworkers. (*Id.* at 217: 3-7; 217:12-21; 218: 5-9; 218: 18 – 219: 8). Even when viewed in the light most favorable to Adams, the fact that she showed any coworkers how to do a particular task does not support an inference that Abbott does not legitimately use experience and seniority for determining pay.

Adams relies on *Boumehdi v. Plastag Holdings LLC*, 489 F.3d 781 (7th Cir. 2007), to support her position. In *Boumehdi,* the employer partly justified his paying a male worker a higher wage due to experience. *Id*. at 794. The plaintiff produced evidence that she was the lowest paid feeder in the lithograph department and that she was the only woman. *Id.* at 793. The parties agreed that Boumehdi could establish a prima facie case under the Equal Pay Act. The defendant asserted that the pay difference (her comparator earned $2.00 more per hour) was justified because it was based on seniority, experience and perceived job performance. *Id.* Although the defendant employer claimed that the plaintiff's counterpart had one year of seniority and his job performance was superior, the plaintiff produced evidence that she entered the department with experience dating back to 1981 and her counterpart had no prior experience. The court concluded that one year of seniority could not account for the $2.00 disparity when the maximum annual increase was $1.00 per hour. The Seventh Circuit found a genuine issue of material fact based on the plaintiff's evidence showing that "her performance and prior experience were greater than or equal to" her male co-worker. *Boumehdi*, 489 F.3d at 794.

There is no such evidence here. Here, it is undisputed that Adams had no experience as an electrician prior to joining Abbott and it is undisputed that the twenty-six male Senior Electricians who earned more per hour than Adams had either more experience or more seniority or both. Accordingly, this Court finds that there is no genuine issue of material fact and Abbott is

entitled to judgment as a matter of law. The Court therefore grants Abbott's motion for summary judgment [51].

IT IS SO ORDERED.

Date: February 26, 2014

Entered: _____
United States District Judge